IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VIRGIN MITCHELL, | ) |
| Plaintiff, | ) |
| vs. | ) CIV. ACT. NO. 1:23-cv-325-TFM-C |
| STATE OF ALABAMA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On November 3, 2023, the Court adopted the Report and Recommendation of the Magistrate Judge and dismissed without prejudice this case pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders. Since that time, Plaintiff has been filing multiple post-judgment documents which the Court denied. On December 8, 2023, the Court issued an order instructing Plaintiff that he shall not file any other pleadings in this case until he intends to file a timely notice of appeal. Doc. 25. On December 15, 2023, the Court entered a subsequent order indicating the same. Doc. 27. Finally, on March 27, 2024, the Court entered another order which struck certain motions and then told Plaintiff that he could no longer amend this complaint, but instead would need to file a new case. *See* Doc. 33. The Court also denied his motion for relief from judgment pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. *Id*. On April 3, 2024, he again attempted to amend which the Court struck pursuant to its prior orders. *See* Docs. 34, 35.

Despite these extremely clear instructions, Plaintiff has continued to file post-judgment motions. *See* Docs. 36, 37, 38, 39, 40, and 41. The new complaint was received by the Clerk of Court and was opened as a new case as previously contemplated by the Court. *See Mitchell v. State*

*of Alabama*, Civ. Act. No. 1:24-cv-344, docketed September 18, 2024.  On September 18, 2024, the same day the Court received the new complaint, the Clerk of Court returned the $402 check because the filing fee is $405 and the Clerk of Court can only process filing fees for the correct fee amount.  *See id*. at Doc. 3.  Though dated September 18, 2024, the Clerk's letter was docketed on September 26, 2024.  Additionally, with the new case, on September 20, 2024, the Magistrate Judge entered an order for Plaintiff to pay the $405 filing fee or a motion to proceed *in forma pauperis*.  Civ. Act. No. 1:24-cv-344, Doc. 2.

On September 24, 2024, Plaintiff called the Clerk's office to inquire about the recent opening of a new case and complained that the Complaint was intended to be filed in his original case (this case, Civ. Act. No. 1:23-cv-325).  Plaintiff repeatedly called the Clerk of Court and acted in an unprofessional and abusive manner by using profane and cursing language, accusing them of stealing his money and yelling about the complaint and filing fee should have been applied to the original case.  The Court notes that the Clerk of Court was merely complying with the Court's prior order and its standard procedures for filing fees.

However, as a result, the Complaint was entered into the original case while the new case was left open such that the undersigned of the assigned Magistrate Judge could sort it out.  On October 8, 2024, the Clerk's office received back the previously returned $402 check because the United States Postal service returned the mail as undeliverable based on the address on record for Mr. Mitchell.  On that same date, the Clerk's office also received an additional check for $3 which resulted in the overall payment of a $405 filing fee.  The Court also received a document entitled Motion to Request, and $5 cash presumably intended to cover the costs of the copying fees though that was never specified.  *See* Docs. 43, 44.  In the motion/request, Plaintiff indicates a change in address and requests copies of all the transcripts, initial complaint, and copies of writ of arrest on

all 6 defendants in case *Mitchell v. State of Alabama*, Civ. Act. No. 1:21-cv-85-KD which he appealed to the Eleventh Circuit, 22-10390. The Eleventh Circuit affirmed the district court's ruling on May 8, 2023 for which the mandate issued on June 6, 2023. *Mitchell v. DHR*, 2023 U.S. App. LEXIS 11234, 2023 WL 3302872 (11th Cir. May 8, 2023).

It would appear that Plaintiff Virgil Mitchell displays a pattern of filing repeatedly in cases that have already been dismissed in closed. He has done so in Civ. Act. No. 1:21-cv-85 and in the related appeal on 22-10390. He has done so repeatedly here despite the orders to stop.

Based on the Court's prior ruling and determinations, the Court finds that the current post-judgment motions (Docs. 36, 37, 38, 39, 40, and 41) are without merit and therefore are **DENIED**.

Finally, despite his arguments to the Clerk of Court, Plaintiff is not authorized to file an amended complaint or any other kind of complaint in this case. Therefore, the complaint docketed on September 24, 2024 is hereby **STRICKEN** from this case.

Additionally, though the Court had ordered Plaintiff to pay the filing fee at the beginning of this case (*see* Docs. 3, 4, 6), Plaintiff failed to comply and consequently, the Magistrate Judge entered the Report and Recommendation (Doc. 10) recommending dismissal this action under Fed. R. Civ. P. 41(b) which the Court ultimately adopted over Plaintiff's objections (Doc. 16). Final judgment was entered on November 3, 2023. Doc. 17. Plaintiff did not file an appeal in this case, therefore the case is long closed. Consequently, the payment of a filing fee in this case is improper. The Clerk of Court was correct to make that notation when they initially opened the new case.

Therefore, the Clerk of Court is **DIRECTED** to apply the $405 to the newly opened case, *Mitchell v. State of Alabama*, Civ. Act. No. 1:24-cv-344-TFM-C. A copy of this order shall also be docketed to accompany the notation of the filing fee. Finally, if it is **NOT** Plaintiff's intent to proceed with the new case and that he does not want that case file to remain open, then he should

file a notice or motion in the second case (1:24-cv-344) requesting that the filing fee be refunded and the case closed.

To be absolutely clear.  Plaintiff may no longer file any matters in this original case (1:23-cv-325-TFM).  **This case is done, closed, and will not be reopened as Plaintiff has failed to provide a legal reason to do so.**  The Court previously noted in its March 27, 2024 Order (Doc. 33) and the December 8, 2023 Order (Doc. 25) that Fed. R. Civ. P. 60(b) only provides certain reasons to provide relief from the final judgment.  In the case at hand, despite Plaintiff's many attempts, none of those reasons apply.  Further, the Court is well beyond the time frame allowed by Fed. R. Civ. P. 59.

Turning to the request of copies.  It is **ORDERED** that the motion (Doc. 44) is **GRANTED** to the extent the request for copies is approved for this case assuming that Plaintiff sent in adequate funds to pay for the copies.  The Court further **DIRECTS** that a copy of Plaintiff's motion be docketed in Civ. Act. No. 1:21-cv-85-KD so that the Court may evaluate the request in the context of the requested documents in that case.

Finally, the Court turns to the abusive behavior Plaintiff has directed towards the Clerk's office staff.  The Court puts Mr. Mitchell on notice that such behavior is unacceptable.  Plaintiff may not yell, curse at, or otherwise demean the members of the Clerk's office.  To continue to do so may result in an order that Mitchell would no longer be permitted to call to the Clerk's office and would be required to submit all matters in writing.

Plainly put, Mr. Mitchell, you will conduct yourself in a professional and respectful manner towards the Court's staff.  If you continue the behavior that you have previously displayed towards the Clerk's office staff, the Court will place restrictions on your communications with the Court and continued violations may have more significant consequences.

**DONE** and **ORDERED** this 10th day of October, 2024.

> /s/Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE