### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **VIRGIL MITCHELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:24-cv-344-TFM-C** |
| | ) | |
| **STATE OF ALABAMA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

On December 23, 2025, the Court entered its Memorandum Opinion and Order (Doc. 55) which adopted the Report and Recommendation of the Magistrate Judge (Doc. 54) and this case was dismissed without prejudice and judgment was entered.  *See* Doc. 56.  Since then, Plaintiff Virgil Mitchell has filed a flurry of post-trial matters.  *See* Docs. 57 – 73.

To the extent Plaintiff seeks to amend his complaint (again), those motions (Docs. 58, 59) or simply documents entitled amended complaints (Docs. 66, 72) fail.  In one filing (Doc. 61), he acknowledges the entry of the Memorandum Opinion and disputes that he failed to comply with any court orders and rules.  Then Plaintiff also he demands sanctions for the "vexatiously written orders of doc 49, 55, 56".  *See* Doc. 65.  Therefore, it is clear that Plaintiff was aware the case had been dismissed.  To the extent Plaintiff seeks to amend his complaint, those motions (Docs. 58, 59, 63, 64, 66, 72) are **DENIED**.

Even reviewing the motions and other various documents, it does not appear that Plaintiff ever officially seeks reconsideration of the prior orders and judgment nor does he cite Rule 59 or Rule 60.  Regardless, since Plaintiff is *pro se*, out of an abundance of caution, the Court will review the documents under those standards.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). Further, a motion under Rule 59 must be filed no later than 28 days after the entry of judgment. FED. R. CIV. P. 59(b). The Rule 59 motion was timely filed as the judgment was entered on June 28, 2023.

The Court finds nothing in the Rule 59 motion for reconsideration that causes it to question its determinations in the prior opinion. Further, the Court finds no manifest errors of law or fact. Rather, the matters are all matters that were previously litigated or could have been raised previously. Therefore, they are not entitled to relief pursuant to Fed. R. Civ. P. 59. Accordingly, any reconsideration under Rule 59 is **DENIED**.

The Court also considered the Plaintiff's documents under Fed. R. Civ. P. 60(b). Rule 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6).  A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment.  FED. R. CIV. P. 60(c)(1).

Even reviewing under Rule 60(b), the Court finds no basis to grant Plaintiff relief.  As such, any reconsideration under Rule 60 is also **DENIED**.  All remaining motions in this case are **DENIED**.

Plaintiff shall stop filing motions to amend or other amended complaints in this case.  This case has been dismissed and is closed.  The only matters that Plaintiff may now file in this case are a properly supported motion for reconsideration under Fed. R. Civ. P. 60(b) or a notice of appeal.

**DONE** and **ORDERED** this 7th day of April, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE